**DLA PIPER LLP (US)**

David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Email: david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel.: (215) 656-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WYNDHAM HOTELS & RESORTS, INC.; WYNDHAM HOTEL GROUP, LLC; and SUPER 8 WORLDWIDE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CJS CORPORATION; CHARLES CHOE; SALONI, INC.; NITIN PATEL; ASHISH PATEL; KAMLESH PATEL; and VIMAL DESAI,<br><br>Defendants. | HONORABLE<br>Civil Action No.: 2:26-CV-10331<br><br>**COMPLAINT**<br><br>***Document Electronically Filed*** |

Plaintiffs Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Super 8 Worldwide, Inc. (collectively "Plaintiffs"), by and through their attorneys, DLA Piper LLP (US), file this Complaint against the following defendants: (1) CJS Corporation; (2) Charles Choe;

(3) Saloni, Inc.; (4) Nitin Patel; (5) Ashish Patel; (6) Kamlesh Patel; and (7) Vimal Desai (collectively, "Defendants"). As their Complaint, Plaintiffs state:

**THE PARTIES**

1. Plaintiff Wyndham Hotels & Resorts, Inc. ("WHR") is a Delaware corporation that maintains a principal place of business in Parsippany, New Jersey. WHR is the ultimate parent company of Wyndham Hotel Group, LLC ("WHG") and Super 8 Worldwide, Inc. ("SWI").

2. WHG is a Delaware limited liability company with a principal place of business in Parsippany, New Jersey. WHR is the sole member of WHG.

3. SWI is a South Dakota corporation that maintains a principal place of business in Parsippany, New Jersey.

4. This action involves the following independently owned and operated franchised guest lodging facilities (each a "Facility" and collectively "the Facilities"):

(i) a Super 8®-branded guest lodging facility located at 7631 Topanga Canyon Boulevard, Canoga Park, California 91304 (the "Topanga Canyon Boulevard Facility"); and

(ii) a Super 8®-branded guest lodging facility located at 7541 Laurel Canyon Boulevard, North Hollywood, California 91605 (the "Laurel Canyon Boulevard Facility").

***The Topanga Canyon Boulevard Facility***

5. Upon information and belief, Defendant CJS Corporation ("CJS") is a corporation organized under the laws of California with a principal place of business in Canoga Park, California.

6. Upon information and belief, Defendant Charles Choe is a natural person and a resident and citizen of California.

7. SWI entered into a franchise agreement with CJS dated February 21, 2013 for the operation of the Topanga Canyon Boulevard Facility (the "CJS Franchise Agreement").

8. In connection with the CJS Franchise Agreement, Defendant Charles Choe executed a guaranty (the "CJS Guaranty") of CJS's obligations under the CJS Franchise Agreement.

***The Laurel Canyon Boulevard Facility***

9. Upon information and belief, Defendant Saloni, Inc. ("Saloni") is a corporation organized under the laws of California with a principal place of business in North Hollywood, California.

10. Upon information and belief, Defendant Nitin Patel is a natural person and a resident and citizen of California.

11. Upon information and belief, Defendant Ashish Patel is a natural person and a resident and citizen of California.

12. Upon information and belief, Defendant Kamlesh Patel is a natural person and a resident and citizen of California.

13. Upon information and belief, Defendant Vimal Desai is a natural person and a resident and citizen of California.

14. SWI entered into a franchise agreement with Saloni dated October 11, 2002 for the operation of the Laurel Canyon Boulevard Facility (the "Saloni Franchise Agreement").

15. In connection with the Saloni Franchise Agreement, Defendants Nitin Patel, Ashish Patel, Kamlesh Patel, and Vimal Desai (the "Saloni Guarantors") executed a guaranty (the "Saloni Guaranty") of Saloni's obligations under the Saloni Franchise Agreement.

## JURISDICTION AND VENUE

16. This Court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, inasmuch as no plaintiff is a citizen of the same state as any defendant, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.

17. This Court has personal jurisdiction over CJS and Saloni by virtue of the CJS and Saloni Franchise Agreements ("the Franchise Agreements") that each entity executed with SWI. Pursuant to Section 17.6.3 of each of the Franchise Agreements, CJS and Saloni consented and waived objection to the personal jurisdiction of and venue in "the New Jersey state courts situated in Morris County, New Jersey and the United States District Court of the District of New Jersey for all cases and controversies under" those agreements.

18. This Court has personal jurisdiction over Defendants Charles Choe and the Saloni Guarantors ("the Guarantor Defendants") pursuant to the terms of the CJS and Saloni Guaranties ("the Guaranties") that they executed in connection with the Franchise Agreements. In the Guaranties, the Guarantor Defendants acknowledged that Section 17 of the Franchise Agreements applies to the Guaranties.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and Section 17.6.3 of the Franchise Agreements, in which the parties consented and waived objection to venue in this District and because this action concerns contracts arising from contacts with this District.

## FACTUAL ALLEGATIONS

### *The Franchise Agreements*

20. Pursuant to Section 8.1 of the Franchise Agreements, CJS and Saloni agreed to indemnify SWI and its affiliates and hold them harmless "from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand,

administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility . . . ."

21. Pursuant to Section 8.2 of the Franchise Agreements, CJS and Saloni each agreed to "reimburse [SWI and its affiliates] for all costs of defending the matter, including reasonable attorneys' fees, incurred by [them] if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."

22. Pursuant to Appendix A of the Franchise Agreements, the definition of the term "Indemnitees" includes SWI's "direct and indirect parent, subsidiary and sister corporations[.]" Thus, WHR, as the ultimate parent company of SWI, and WHG, as an entity that is part of the same corporate family, are Indemnitees under the Franchise Agreements.

23. Pursuant to Section 17.4 of the Franchise Agreements, CJS and Saloni each agreed that the "non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement[.]"

24. In conjunction with the Franchise Agreements, the Guarantor Defendants provided SWI with the Guaranties, pursuant to which the Guarantor Defendants agreed, *inter alia*: (1) to "guaranty that [the relevant defendant]'s obligations under the Agreement . . . will be punctually paid and performed."; and (2) "[u]pon . . . notice from [SWI]" to "immediately make each payment and perform or cause [the relevant defendant] to perform, each unpaid or unperformed obligation … under the Agreement."

***The Underlying Action***

25. On December 31, 2024, a plaintiff proceeding under the pseudonym "C.M.G." filed a civil action in this Court against WHR, WHG, and SWI captioned *Jane Doe (C.M.G.) v. Wyndham Hotels & Resorts, Inc., et al.,* No. 2:24-CV-11514 (D.N.J.) (the "Underlying Action"). In the Underlying Action, the plaintiff alleges that she was a victim of sex trafficking at the Topanga Canyon Boulevard and Laurel Canyon Boulevard Facilities, "at various times between 2010 through December 2014."

26. WHR, WHG, and SWI have denied any and all liability in the Underlying Action.

27. During all or part of the time period alleged in the Underlying Action, CJS, Saloni, and the Guarantor Defendants owned, operated, and/or controlled the Facilities.

***Plaintiffs' Demands for Indemnification***

28. WHR, WHG, and SWI demanded indemnification from CJS, Saloni, and the Guarantor Defendants for the fees, costs, and expenses that they have incurred in the Underlying Action.

29. Despite these demands and in breach of the Defendants' contractual obligations, the Defendants have failed and refused to reimburse Plaintiffs for the fees, costs, and expenses that they have incurred in connection with the Underlying Action.

30. Plaintiffs have incurred "Losses and Expenses," including attorneys' fees and costs, in the course of defending against the Underlying Action in an amount in excess of $75,000.

31. Plaintiffs continue to accrue additional fees and costs as the Underlying Action progresses.

**COUNT I:**
**CONTRACTUAL INDEMNIFICATION**
***WHR, WHG, and SWI against CJS***

32. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

33. Pursuant to Sections 8.1 and 8.2 of the CJS Franchise Agreement, CJS is required to indemnify WHR, WHG, and SWI for "all Losses and Expenses" incurred in the Underlying Action, including "all costs of defending the matter, including reasonable attorneys' fees[.]"

34. CJS has failed to indemnify WHR, WHG, or SWI for any "Losses and Expenses" incurred in the Underlying Action, nor has CJS agreed to indemnify them for liability in the Underlying Action (should any liability be found), which constitutes a breach of CJS's obligations under the CJS Franchise Agreement.

**COUNT II:**
**CONTRACTUAL INDEMNIFICATION**
***WHR, WHG, and SWI against Saloni***

35. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

36. Pursuant to Sections 8.1 and 8.2 of the Saloni Franchise Agreement, Saloni was required to indemnify WHR, WHG, and SWI for "all Losses and Expenses" incurred in the Underlying Action, including "all costs of defending the matter, including reasonable attorneys' fees[.]"

37. Saloni has failed to indemnify WHR, WHG, or SWI for any "Losses and Expenses" incurred in the Underlying Action, nor has Saloni agreed to indemnify them for liability in the Underlying Action (should any liability be found), which constitutes a breach of Saloni's obligations under the Saloni Franchise Agreement.

**COUNT III:**
**COMMON LAW/EQUITABLE INDEMNIFICATION**
***WHR, WHG, and SWI against CJS***

38. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

39. WHR, WHG, and SWI are entitled to recover from CJS for all fees and costs incurred in the Underlying Action and for any damages that may be awarded to the plaintiff in the Underlying Action that were caused by or resulted from the operation of the Topanga Canyon Boulevard Facility.

**COUNT IV:**
**COMMON LAW/EQUITABLE INDEMNIFICATION**
***WHR, WHG, and SWI against Saloni***

40. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

41. WHR, WHG, and SWI are entitled to recover from Saloni for all fees and costs incurred in the Underlying Action and for any damages that may be awarded to the plaintiff in the Underlying Action that were caused by or resulted from the operation of the Laurel Canyon Boulevard Facility.

**COUNT V:**
**BREACH OF GUARANTY AGREEMENT**
***WHR, WHG, and SWI against Charles Choe***

42. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

43. Pursuant to the CJS Guaranty, Defendant Charles Choe guaranteed, *inter alia*, that all obligations under the CJS Franchise Agreement would be punctually paid and performed and

that, upon breach of the CJS Franchise Agreement, he would immediately make each payment and perform or cause to be performed the obligations of CJS under that agreement.

44. Despite Defendant Charles Choe's obligations under the CJS Guaranty, he has failed to make any payments or to perform or cause CJS to perform the obligation to indemnify and hold WHR, WHG, and SWI harmless.

**COUNT VI:**
**BREACH OF GUARANTY AGREEMENT**
***WHR, WHG, and SWI against the Saloni Guarantors***

45. WHR, WHG, and SWI repeat and reallege the allegations contained in paragraphs 1 to 31 as if set forth in their entirety herein.

46. Pursuant to the Saloni Guaranty executed by the Saloni Guarantors, they guaranteed, *inter alia*, that all obligations under the Saloni Franchise Agreement would be punctually paid and performed and that, upon breach of that agreement, they would immediately make each payment and perform or cause Saloni to perform each obligation under that agreement.

47. Despite the Saloni Guarantors' obligations under the Saloni Guaranty, they have failed to make any payments or to perform or cause Saloni to perform the obligations to indemnify and hold WHR, WHG, and SWI harmless.

**WHEREFORE**, based on the foregoing, Plaintiffs seek judgment in their favor and against Defendants for (i) contractual and/or equitable indemnification of all losses, expenses, fees, and costs that have been or may be incurred by Plaintiffs in the Underlying Action, (ii) a declaratory judgment that CJS is obligated to indemnify and hold WHR, WHG, and SWI harmless for any liability that may be incurred in the Underlying Action, (iii) a declaratory judgment that Saloni is obligated to indemnify and hold WHR, WHG, and SWI harmless for any liability that may be incurred in the Underlying Action, (iv) a declaratory judgment that the Guarantor Defendants are

obligated to make payment and perform or cause CJS and Saloni to perform all unpaid and unperformed contractual obligations, and (v) costs, attorneys' fees, pre-judgment and post-judgment interest, and any such other relief as the Court deems just and appropriate.

Dated: August 14, 2026

**DLA PIPER LLP (US)**

David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Fax: (973) 215-2604
Email: david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel.: (215) 656-3372
Fax: (215) 606-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that, to the best of my knowledge, the matter in controversy of the foregoing Complaint (*i.e.*, Plaintiffs' right to indemnification) is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. Plaintiffs have incurred the fees and costs for which indemnification is sought in the matter captioned *Jane Doe (C.M.G.) v. Wyndham Hotels & Resorts, Inc., et al.,* No. 2:24-CV-11514 (D.N.J.), but the indemnification rights asserted in this Complaint are not at issue in that litigation.

Dated: August 14, 2026

**DLA PIPER LLP (US)**

David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Fax: (973) 215-2604
Email: david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel.: (215) 656-3372
Fax: (215) 606-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*